ROBERT W. MEZAN, Respondent, v. D. B. J. LAND & DEVELOPMENT CORP. et al., Appellants.—In an action to recover on a promissory note, defendants appeal from (1) an order of the Supreme Court, Nassau County, dated September 6, 1972, which (a) granted plaintiff's motion for summary judgment to the extent of awarding him $20,000 against the corporate defendant and $4,000 against each of the four individual defendants, with interest, and (b) severed the counterclaims contained in the amended answer, and the reply thereto, for trial; and (2) a judgment of the same court entered September 11, 1972 pursuant to said order. Judgment reversed, on the law; and order modified, on the law, by adding thereto a provision that plaintiff's total recovery is limited to $20,000, with interest, costs and disbursements, and that entry of judgment shall be stayed pending determination of the issues raised in the counterclaims. As so modified, order affirmed. Plaintiff is awarded one bill of $20 costs and disbursements to cover both appeals. Since the counterclaims allege, inter alia, that the inability of the corporate defendant to pay its obligation is the result of plaintiff's withholding from it payment of a $30,000

indebtedness, plaintiff should not be allowed to enter a judgment until these issues are resolved (*Nopco Chem. Co.* v. *Milner*, 12 A D 2d 942). Further, the limitation on the amount of the recovery is designed to avoid the possibility of a duplication of recovery. Hopkins, Acting P. J., Munder, Latham, Gulotta and Benjamin, JJ., concur.